**CLUB MONTE CARLO CORPORA-TION, Petitioner, Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent, Cross Petitioner.**

Nos. 86–5708, 86–5829.

United States Court of Appeals, Sixth Circuit.

Argued March 19, 1987.

Decided June 18, 1987.

Richard J. Sable, D'Agostini, McKinnon, Sable, Ruggeri, Sterling Heights, Mich., David Walker (argued), for petitioner, cross respondent.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., James M. Darby, Christian Schumann, Corrina Metcalf (argued), Bernard Gottfried, Director, N.L.R.B., Detroit, Mich., for respondent, cross petitioner.

Before ENGEL and GUY, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

This matter is before the court upon the petition of Club Monte Carlo Corporation (the Club) and the cross-application of the Board for enforcement of its order. The Board's order, reported at 280 N.L.R.B. No. 30, found that the Club had violated § 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), by suspending four employees and discharging one employee for engaging in protected concerted activity and by coercively interrogating employees about protected concerted activity.

Briefly, the record discloses that waitresses who had worked at a wedding reception catered by the Club heard that the guest had left a tip for them with Tony Cenovski, the Club's vice-president and manager. The head waitress, Beverly Fry, accompanied by the other waitresses, approached Cenovski after the reception and asked about the tip. Cenovski replied that there was none. Words were then exchanged as to whether the waitresses deserved a tip, and the waitresses left. Cenovski instructed his wife, the assistant manager, to telephone and tell each waitress not to pick up her next work schedule until she talked to Cenovski about the incident. Those who talked to him were asked why they had confronted him and who had instigated it. The four waitresses who did not talk to Cenovski did not receive work schedules. Fry was terminated.

The Club has raised several issues in its petition. However, after having carefully examined the administrative record in its entirety, as well as the parties' briefs and arguments, we conclude that the Board's findings are supported by substantial evidence on the record as a whole. For the reasons well articulated in the Board's published decision, we deny the Club's petition

for review and grant the Board's cross-application for enforcement of its order.